### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA SMITH, individually and as next friend of her son, Joshua England,<br><br>                          Plaintiff,<br><br>   – against –<br><br>JOE ALLBAUGH, CARL BEAR, ROBERT BALOGH, WENDELL MILES, LAURA HAYS, LAURA NOBLE, OKLAHOMA DEPARTMENT OF CORRECTIONS OFFICERS JOHN DOES #1-10, and CASE MANAGER RICHARD ROE;<br><br>                          Defendants. | Case No.:  19-cv-00470-G |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF RENEWED REQUEST TO CONDUCT LIMITED DISCOVERY PURSUANT TO LCVR26.3

**FREDERIC DORWART, LAWYERS PLLC**
124 East Fourth Street
Tulsa, Oklahoma 74103
(918) 583-9922

**EMERY CELLI BRINCKERHOFF & ABADY LLP**
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

## PRELIMINARY STATEMENT

Pursuant to Local Civil Rule 26.3(c), Plaintiff Christina Smith moves this Court to order Defendants to make their Federal Rule of Civil Procedure 26(a)(1)(A) disclosures—including to provide (i) the name and contact information of every person "likely to have discoverable information" and the subject of that information, and (ii) a description and location of "all documents," including electronically stored information, that Defendants may use to support their claims or defenses—while Defendants' motion to dismiss is pending.

Plaintiff's motion to serve document discovery requests on Defendants remains pending. *See* Dkt. 29.[1]  By *this* motion, Plaintiff seeks only to require Defendants to make their Rule 26 disclosures so that Plaintiff can identify the Doe/Roe Defendants and learn the location of relevant documents.

The limited discovery Plaintiff seeks would require little of Defendants and therefore does not implicate the purported concern they have expressed to date, namely the "burdens" of discovery and their invocation of qualified immunity.  While gathering the information necessary for initial Rule 26 disclosures presents no hardship to Defendants, the information is crucial for Plaintiff because it is necessary to enable her to identify and serve the Doe/Roe Defendants and tailor her document requests when

---

[1] In the meantime, the parties have agreed, pursuant to Local Civil Rule 26.3(b), that Plaintiff may serve a document subpoena on the Oklahoma Department of Corrections ("DOC").  While Plaintiff disputes Defendants' claim that they need not produce certain documents because they are individuals, Plaintiff will pursue these issues at a later time after discovery commences.  Plaintiff has provided Defendants with a copy of the subpoena pursuant to LCvR 45.1.

discovery is permitted to go forward, as well as to serve subpoenas on non-parties for whom no "qualified immunity" burden argument will lie.

## PROCEDURAL FACTS RELEVANT TO THIS MOTION

Plaintiff filed her Complaint on May 24, 2019, and her Amended Complaint on July 30, 2019.  She alleges that Defendants' repeated failures to provide minimally adequate medical care to her son Joshua, in the face of his obvious illness and distress, caused his needless death from untreated appendicitis on May 29, 2018, at the age of 21, while he was in the custody of the DOC at the Joseph Harp Correctional Center ("JHCC").  Defendants moved to dismiss the Complaint on July 9, 2019 and the Amended Complaint on August 13, 2019.  Dkts. 18 & 21.  Plaintiff opposed the motion on September 17, 2019, at which time it was fully submitted to the Court.  Dkt. 27.  The Court scheduled an initial conference in the matter for October 30, 2019.  Dkt. 26. Plaintiff moved for permission to start document discovery while the motion to dismiss was pending.  Dkt. 29.

The parties appeared before this Court for a preliminary conference on October 30, 2019.  A transcript of that conference is attached as Exhibit A.  At the conference, the Court indicated its intention to rule on Defendants' pending motion to dismiss "within several days."  Ex. A (10/30/19 Tr.) at 16:25.  The Court continued:

> And so if, for some reason, it takes me longer than I expected and we get locked up on an issue, then I'll get you a ruling on the motion for early discovery so that we'll have an answer on that, one way or the other, within a couple of days, but I do expect that in very short order we'll have a ruling on that motion. Then, one way or the other, that will resolve the question of how you proceed.

*Id.* at 17: 1-6.

To date, the Court has not ruled on Defendants' motion to dismiss (Dkt. 21) or Plaintiff's motion for limited discovery (Dkt. 29).

The parties previously submitted a Joint Status Report and Discovery Plan, in which they agreed to made Rule 26 disclosures "[b]y November 1, 2019 or pursuant to other Court order." Dkt. 28, ¶ 7. Plaintiff served her Rule 26 disclosures on schedule, on November 1, 2019. Defendants have refused to provide their Rule 26 disclosures, including to identify any relevant witnesses. Over multiple email exchanges in November 2019 and again in January 2020, Defendants stated that they would not serve Rule 26 disclosures in advance of the Court's ruling on Defendants' invocation of qualified immunity or its ruling on Plaintiff's motion to conduct discovery. The Court did not indicate a date for initial disclosures in its Scheduling Order entered on October 30, 2019. Dkt. 33.

On November 7, 2019, the Court ordered Plaintiff to show cause why Plaintiff had not yet served the John Doe and Richard Roe defendants. Dkt. 34. Plaintiff responded on November 19, 2019 (Dkt. 35), explaining that good cause justifies the Court extending the time for service on the Doe/Roe Defendants under Fed. R. Civ. P. 4(m), because Plaintiff has been unable to conduct the necessary discovery to identify these parties.

Plaintiff now renews her motion to commence limited discovery by requiring Defendants to make the narrow disclosures mandated by Rule 26.

**ARGUMENT**

I.    **DEFENDANTS SHOULD BE REQUIRED TO MAKE RULE 26 DISCLOSURES WHILE THEIR RULE 12(B)(6) MOTION IS PENDING BECAUSE THE MOTION IS UNLIKELY TO SUCCEED, DELAY IS PREJUDICIAL TO PLAINTIFF, AND THERE IS LITTLE BURDEN ASSOCIATED WITH THE BASIC DISCLOSURES**

   A.    **Legal Standard for Stay of Discovery**

Local Civil Rule 26.3 provides that "if a motion has been made pursuant to Fed. R Civ. P. 12(b), no party may seek discovery from any source before that motion has been decided and all moving parties have filed an answer or been dismissed from the case." The Rule then states: "Any party may move that discovery be permitted prior to the time period set forth in subsection (a) of this rule."

District courts retain the "discretion to issue a stay pending the outcome of a dispositive motion." *CEP Mid-Continent, LLC v. Turkey Creek*, LLC, No. CIV-09-350, 2010 WL 455128 at 1 (N.D. Okla. February 2, 2010).  However, "[t]he underlying principle clearly is that the right to proceed in court should not be denied except under the most extreme circumstances."  *CFTC v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (to obtain a stay, the movant must make out a clear case of hardship or inequity in being required to go forward).  In assessing the propriety of a stay, the Court is to consider: (1) whether the defendant is likely to prevail; (2) whether, absent a stay, the defendant will suffer irreparable harm; (3) whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and (4) the public interests

at stake. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (citing *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977)).

**B.      Defendants are Unlikely to Prevail on Their 12(b)(6) Motion to Dismiss**

Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is unlikely to succeed. This case presents perhaps the quintessential example of sustained deliberate indifference to and neglect of a prisoner's serious medical need, causing his tragic death. At the pleading stage, Plaintiff's highly detailed, 32-page complaint—which incorporates pages from Joshua's medical records detailing his repeated requests for help for his severe stomach pain, which Defendants ignored—easily states a claim. Because Defendants are unlikely to prevail on their 12(b)(6) motion, there is simply no basis to stay all discovery. *See Gilleland v. City of Oklahoma City*, CIV-16-808-D, 2017 WL 3616639, at *1 (W.D. Okla. Jan. 30, 2017) (finding that a stay of discovery "is not warranted" where "Defendant has not sufficiently shown it is likely to prevail on its motion to dismiss or that it would be irreparably harmed if this case were to proceed"). Nor are Defendants likely to prevail on their qualified immunity defense, at least at this stage of litigation. *See infra* Part II.

**C.      Plaintiff Seeks the Most Basic (and Limited) of Discovery, Which Poses No Hardship on Defendants**

At this time, Plaintiff seeks only the most basic discovery from Defendants: disclosures required by Federal Civil Rule of Procedure 26(a)(1). Providing the names and contact information for witnesses with discoverable information and a description of relevant documents imposes no burden on Defendants. This case concerns the death of a

single person at a single correctional facility, with the events compressed to a one-week window of time.  Witnesses and documents are thus limited.

Defendants' motion to dismiss, their statements in the Joint Status Report, and their statements to the Court during the October hearing all contained many facts that are outside the four corners of Plaintiff's pleading, suggesting that counsel has *already* collected and reviewed documents and identified relevant witnesses.  *See, e.g.*, Dkt. 28, Joint Status Report, Paragraph 1(b) (describing Joshua's unrelated treatment for a hernia and claiming that Joshua walked around the unit in good condition shortly before his death); Dkt. 21, Defs.' Mot. to Dismiss at 11 (claiming that "Mr. England refused medical care on the day he passed away"); Ex. A at 13:7-14:11 (describing when and where Mr. England was found unresponsive on the day of his death, and a video recording of efforts to revive him).  None of these facts are alleged in Plaintiff's complaint.  Defendants must have learned of them while reviewing documents and speaking with witnesses.  It is not proper for Defendants to rely on undisclosed facts in their court submissions, and yet at the same time seek to deny Plaintiff any information about these records.  This is particularly true where Defendants have moved pursuant to Rule 12(b)(6), which requires Defendants to accept the allegations of Plaintiff's complaint as true for purposes of their motion.

### D.     Plaintiff's Interest in the Timely Litigation of this Case Is Strong

The serious and troubling nature of this case, involving the unnecessary, tragic, and preventable death of a young person in the state's custody, counsels in favor of ensuring that discovery proceeds expeditiously.  At this juncture, Plaintiff has more than

plausibly alleged that her son died of an entirely preventable medical condition because he was denied basic medical care for a week while a prisoner in the custody of the state. Plaintiff herself has a strong interest in being able to learn the facts and circumstances of her son's death.  Delay is inherently prejudicial, as documents may be misplaced or destroyed, evidence may become unavailable, and memories fade over time.  Most pressingly, Plaintiff must identify and serve the Doe/Roe Defendants as soon as possible. *See generally* Dkt. 34 Order to Show Cause, Nov. 8, 2019, and Plaintiff's Response, Dkt. 35.

There is also a strong public interest in the disclosure of facts about Joshua's death, given the public interest in what happened to Joshua.  While Plaintiff's and the public's interest should be balanced against Defendants' reluctance to participate in any discovery, the Court should find the minimal burden making of these basic disclosures to be outweighed by Plaintiff's interest in proceeding expeditiously with this case and, specifically, identifying and serving all Defendants.

## II.     DEFENDANTS' INVOCATION OF 'QUALIFIED IMMUNITY' DOES NOT AUTOMATICALLY FORECLOSE ALL DISCOVERY

### A.     Defendants' Assertion of Qualified Immunity as Matter of Law, at the Pleading Stage, Is Highly Likely to Fail

Defendants incorrectly suggest that a complete stay of discovery is appropriate because they have asserted a qualified immunity defense in their 12(b)(6) motion. However, the mere invocation of the phrase "qualified immunity" is not the end of the inquiry.  The Court is of course permitted to inquire into the strength of Defendants' motion in analyzing whether a stay on this basis is appropriate.

When qualified immunity is asserted in the context of a motion to dismiss, the factual allegations of the complaint are assumed to be true, and the court's analysis generally aligns with the analysis applied when determining the sufficiency of a claim. *See Brown v. Montoya*, 662 F.3d 1152, 1162-64 (10th Cir. 2011). "Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). "Asserting a qualified immunity defense via a Rule 12(b)(6) motion, however, subjects the defendant *to a more challenging standard of review* than would apply on summary judgment." *Id*. (emphasis supplied). "At the motion to dismiss stage, it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness." *Id.* (brackets and internal quotation marks omitted). The Court must evaluate "(1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established." *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013) (internal quotation marks omitted).

Here, Defendants are not entitled to qualified immunity, and certainly not as a matter of law based on the pleadings. Defendants' motion to dismiss on the basis of qualified immunity is likely to fail.

Plaintiff's pleading *alleges* a violation of a constitutional right, in that she alleges that Defendants were deliberately indifferent to Joshua's serious medical needs over the course of many days, causing his death. While Defendants characterize their conduct as "misdiagnosing" his medical condition, see Dkt. 21 at 13, *that is not what Plaintiff*

*alleges in her pleading, which must be taken as true at the 12(b)(6) stage.*  Rather than a

"misdiagnosis," Plaintiff alleges that Joshua received no medical treatment and that

defendants recklessly disregarded a known and serious risk to his life by failing to

respond to and treat the blaring signs of appendicitis and leaving him to die alone in his

cell.  At this juncture, these allegations must be taken as true, and there is no serious

argument that Plaintiff does not allege a constitutional violation.  Similarly, with respect

to whether the law was clearly established, "there is little doubt that deliberate

indifference to an inmate's serious medical need is a clearly established constitutional

right[.]"  *Mata v. Saiz*, 427 F.3d 745, 749 (10th Cir. 2005).  At the pleading stage, there is

no basis for a grant of qualified immunity, and thus Defendants' motion is likely to fail

on this ground.

Defendants will certainly continue to invoke the shopworn principle that since

they have filed a dispositive motion based on qualified immunity, they are entitled to a

stay of all discovery.  *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).  However,

this general rule is of course subject to exceptions.  In fact, limited discovery may be

appropriate when a qualified immunity argument is not well-developed or compelling on

its face.  *See*, e.g., *Robillard v. Bd. of Cnty.Comm'rs*, Civ. A. No. 11-cv-03180-PAB-

KMT, 2012 WL 694507, at *2 (D. Colo. Mar. 1, 2012) (unpublished) (denying a motion

to stay based on qualified immunity, and finding that the individual defendants' qualified

immunity defense, which was raised as a one paragraph alternative defense relegated to a

footnote, was not well supported)  That is precisely the situation before the Court.

Defendants' qualified immunity argument is weak and highly likely to fail, and thus it

should not be permitted to dominate the analysis of whether a complete stay of discovery—particularly Rule 26's minimal disclosures—is appropriate.

> **B.     Defendants Cannot Assert Qualified Immunity to Defend Against Plaintiff's Strong State Law Claims, Which Are Not Subject to Dismissal at the Pleading Stage**

The doctrine of qualified immunity applies only to the federal claims in suit.  *Eidson v. Owens*, 515 F.3d 1139, 1145 (10th Cir. 2008); *see also Jenkins v. City of New York*, 478 F.3d 76, 86 (2d Cir. 2007) (qualified immunity "protects an official from liability under federal causes of action but is not generally understood to protect officials from claims based on state law").  Defendants' motion to dismiss based on qualified immunity would therefore not impact Plaintiff's state law claims.  Thus, even if Defendants were entitled to qualified immunity, this would not be dispositive of Plaintiff's entire case because the state law claims would survive.  The presence of the state law claims counsels further against a full stay of discovery, since discovery will proceed against Defendants in any event.

## CONCLUSION

For the reasons stated above, Plaintiff requests that the Court order

Defendants to make their required Rule 26 disclosures within seven days.

Dated: February 5, 2020
        New York, New York

**RESPECTFULLY SUBMITTED:**

*/s/* Katherine Rosenfeld *(admitted pro hac vice)*
**EMERY CELLI BRINCKERHOFF**
**& ABADY LLP**
600 Fifth Avenue, 10th Floor
New York, New York 10020
T:  (212) 763-5000
F:  (212) 763-5001

**FREDERIC DORWART, LAWYERS PLLC**
Paul DeMuro, OBA No. 17605
124 East Fourth Street
Tulsa, Oklahoma 74103
T:  (918) 583-9922
F:  (918) 583-8251
pdemuro@fdlaw.com

**MULINIX GOERKE & MEYER PLLC**
Henry A. Meyer, III
210 Park Avenue
3030 Oklahoma Tower
Oklahoma City, Oklahoma 73102
T:  (405) 232-3800
F:  (405) 232-8999
hank@lawokc.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

        The undersigned does hereby certify that on the 5th day of February, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

/s/ Katherine Rosenfeld