IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA SMITH, individually and as next friend of her son, Joshua England,<br><br>Plaintiff,<br><br>v.<br><br>JOE ALLBAUGH, ET AL.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-19-470-G<br>)<br>)<br>)<br>) |

### DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA
### TO THE OKLAHOMA DEPARTMENT OF CORRECTIONS

**COME NOW** Defendants Allbaugh, Bear, Balogh, Miles, Hays and Noble, and pursuant to Fed. R. Civ. P. 45, move this Court for an order quashing or modifying Plaintiff's subpoena to non-party Oklahoma Department of Corrections (DOC), filed in this action at Doc. 41. In support of this Motion, Defendants would show the Court the following:

### BACKGROUND

Plaintiff Christina Smith commenced this action on May 24, 2019 "individually and as next friend of her son, Joshua England… ." Doc. 1. On July 30, 2019, Plaintiff filed a First Amended Complaint in the same capacity. Doc. 19. The claims asserted in this matter arise under 42 U.S.C. § 1983 as well as state law. *Id.* at ¶¶ 16-18.

On February 5, 2020, Plaintiff filed a notice of subpoena to non-party DOC. Doc. 41. The requested documents include the personnel files of Defendants,

relevant investigations and related reviews of Mr. England's death. On February 6, 2020, counsel for Defendants requested that Plaintiff's counsel provide documentation confirming Christina Smith's legal status as personal representative[1] or administrator of Joshua England's estate. Exhibit 1. Plaintiff's counsel did not respond. On February 21, 2020, counsel for Defendants again asked for confirmation of Plaintiff's standing to bring the above-styled action. Exhibit 2. In response, Plaintiff's counsel, Ali Frick, confirmed that Christina Smith has never been legally appointed as administrator of Joshua England's estate[2]. *Id.*

---

[1] *See* 58 O.S. § 11 , which defines a personal representative as an "executor, administrator, administrator with will annexed, conservator, guardian and persons who perform substantially the same function under the law governing their status and includes a successor personal representative appointed to succeed a previously appointed personal representative."

[2] In earlier stages of this litigation, it was not at all apparent to the Defendants that Plaintiff was not a legally authorized representative of the estate of Joshua England because nature of the allegations in First Amended Complaint indicated otherwise. For example, Plaintiff alleged that she filed a claim under the Oklahoma Governmental Tort Claims Act on behalf of Joshua England. Doc. 19, ¶ 113. However, pursuant to the GTCA, only an authorized representative or "in the case of death, an administrator, special administrator or a personal representative" may file a tort claim. 51 O.S. 152(5). Plaintiff's Complaint also references numerous medical records she appears to have obtained from DOC. However, DOC may only release a deceased inmate's medical records to "[a]n executor or administrator of the estate of a deceased offender... ." *See* Exhibit 3, DOC Policy OP-140108 ("Privacy of Protected Health Information") at part X. *See also* Exhibit 4, Oklahoma Department of Corrections Authorization for Release of Protected Health Information, which states that only a "legal" representative or guardian may obtain an inmate's medical records. The Health Insurance Portability and Accountability Act (HIPAA) also limits disclosure of protected health information of deceased individuals to "an executor, administrator, or other person has authority to act on behalf of a deceased

2

Because Plaintiff is not a legal representative or administrator of Joshua England's estate, she lacks standing to sue and therefore, Plaintiff lacked standing to issue subpoenas in the above-styled action. The subpoena at Doc. 41 should therefore be quashed. In the alternative, the Court should quash the subpoena to the extent that it requests disclosure of information that is privileged and confidential and raises security concerns.

### ARGUMENT AND AUTHORITY

### PROPOSITION I

**PLAINTIFF LACKS STANDING TO SUE OR ISSUE SUBPOENAS IN THIS MATTER. THIS COURT SHOULD THEREFORE QUASH THE SUBPOENA.**

Plaintiff commenced the instant litigation individually and as next friend of Joshua England. However, a claim filed pursuant to 42 U.S.C. § 1983 may only be based upon the violation of Plaintiff's personal rights, not those of her son. *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982). In fact, the only way the claims asserted in this case may proceed is through a survival action brought by the estate of the deceased, as opposed to Plaintiff individually and as next friend. In other words, only the legal representative of the estate of Joshua England is a proper Plaintiff in this case. *Id.* However, Plaintiff is not the legal representative of the estate of Joshua England, as confirmed by her attorney Ali Frick. Exhibit 2. Plaintiff therefore lacks standing to sue or issue subpoenas in this action on

---

individual or of the individual's estate... ." 45 C.F.R. 164.502(g)(4). Thus, while the face of the complaint suggested Plaintiff was the legal representative of the estate of Joshua England, her attorneys have since confirmed otherwise.

3

claims filed pursuant to 42 U.S.C. § 1983.  *See Wright v. Stanley,* CIV-11-1235-C, 2013 WL 6827946, at *2 (W.D. Okla. Dec. 20, 2013) and *Salazar v. City of Oklahoma City*, Case No. CIV-16-458-M, 2016 WL 4150936 (W.D. Okla. Aug. 4, 2016).  This Court accordingly lacks jurisdiction[3] over this entire matter[4], and the subpoena issued by Plaintiff at Doc. 41 should be quashed.  *See U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988), which held that "if a district court does not have subject-matter jurisdiction over the underlying action, and the process was not issued in aid of determining that jurisdiction, then the process is void… ."  *Id.* at 76.

---

[3] Federal Court subject matter jurisdiction is determined by Article III of the United States Constitution.  In order to invoke Article III jurisdiction, a plaintiff must have standing to sue.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III").  "In its starkest terms, the standing inquiry requires the Court to ask not only whether an injury has occurred, but whether the injury that has occurred may serve as the basis for a legal remedy in the federal courts."  *Schaffer v. Clinton*, 240 F.3d 878, 883 (10th Cir. 2001).  "[S]tanding is determined as of the time of the filing of the complaint."  *Utah Ass'n of Ctys. v. Bush*, 455 F.3d 1094, 1101 (10th Cir. 2006).  If a party lacks standing, then the Court should dismiss the claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

[4] If the Court determines that it lacks jurisdiction over Plaintiff's federal claims, it must decline to exercise jurisdiction over Plaintiff's state law claims.  Specifically, when all federal claims have been dismissed, the Court may, *and should*, decline to exercise jurisdiction over any remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3).  *See also Smith v. City of Enid*, 149 F.3d 1151 (10th Cir. 1998), *Ball v. Renner,* 54 F.3d 664, 669 (10th Cir. 1995), and *Sawyer v. County of Creek*, 908 F.2d 663, 668 (10th Cir. 1990).  "If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'"  *Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997).

## **PROPOSITION II**

### **PLAINTIFF'S SUBPOENA SHOULD BE QUASHED AND MODIFIED WITH REGARD TO PRIVILEGED, CONFIDENTIAL AND SENSITIVE INFORMATION.**

Plaintiff's subpoena seeks production of personnel files which include Defendants' financial and educational records, home addresses, social security numbers, birth dates, photographs and other personal information. Specifically, the requested personnel files include information deemed confidential pursuant to state and federal law. *See* 20 U.S.C. § 1232g, 51 O.S. §§ 24 A.1, *et seq.* and 74 O.S. § 840-2.11. Plaintiff's subpoena may also encompass confidential peer reviews of the Defendants. Pursuant to 63 O.S. §§ 1-1709 and 1-1709.1, these reports are not subject to disclosure in legal proceedings. *See Watson v. LifeShare Transplant Donor Services of Oklahoma, Inc.,* CIV-09-979-M, 2011 WL 3648389 (W.D. Okla. Aug. 18, 2011). *See also* DOC Policy 140142 ("Peer Review") at Exhibit 5. Finally, the subpoena seeks security and surveillance video of the Defendants' work area. Such information, if made available to the public[5], could create a substantial safety risk to the Defendants as well as other employees of the Joseph Harp Correctional Center because it could disclose blind spots or specific areas of the facility that the cameras may not monitor.

For the foregoing reasons, Plaintiff's subpoena should be quashed to the extent that it seeks disclosure of peer review information that is deemed privileged and confidential, even in the context of legal proceedings, pursuant to

---

[5] Plaintiff has previously said there is a "strong public interest in the disclosure" of this information, presumably to the public. Doc. 29, page 6.

63 O.S. §§ 1-1709 and 1-1709.1. The Court should modify the subpoena to permit disclosure of security and personnel records only after a stipulated protective order has been entered in this case by the parties. *See Scallion v. Richardson*, CV-17-992-G, 2018 WL 6037536 (W.D. Okla. Nov. 16, 2018), holding that parties may challenge a subpoena issued to a non-party when it commands the production of employment records or materials in which the party asserts a personal right or privilege.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's subpoena to the Oklahoma Department of Corrections should be quashed due to lack of jurisdiction.

    Respectfully submitted,

/s/ Kari Y. Hawkins
**KARI Y. HAWKINS, OBA #19824**
**DEVAN A. PEDERSON, OBA #16576**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Email: Kari.Hawkins@oag.ok.gov
Email: Devan.Pederson@oag.ok.gov
*Attorneys for Defendants Allbaugh, Bear, Balogh, Miles, Hays and Noble*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of February, 2020, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of the Notice of Electronic Filing to the following ECF registrants:

Paul DeMuro  
Frederic Dorwart, Lawyers PLLC  
124 East Fourth Street  
Tulsa, OK  74103  
*Attorney for Plaintiff*

Katherine Rosenfeld  
Alison Frick  
600 Fifth Avenue, 10th Floor  
New York, New York  10020  
*Attorneys for Plaintiff*

Henry A. Meyer, III  
Mullinix, Goerke & Meyer, PLLC  
210 Park Avenue, Suite 3030  
Oklahoma City, OK  73102

/s/ Kari Y. Hawkins  
Kari Y. Hawkins