Scott Crow
Director



J. Kevin Stitt
Governor

State of Oklahoma

Oklahoma Department of Corrections
Office of the General Counsel

February 28, 2020

**Via Certified Mail and Email**
Paul DeMuro
Frederic Dorwart, Lawyers PLLC
124 East Fourth Street
Tulsa, OK  74103
pdemuro@fdlaw.com

Katherine Rosenfeld
Alison Frick
600 Fifth Avenue, 10th Floor
New York, New York  10020
krosenfeld@ecbalaw.com
africk@ecbalaw.com

Henry A. Meyer, III
Mullinix, Goerke & Meyer, PLLC
210 Park Avenue, Suite 3030
Oklahoma City, OK  73102
hank@lawokc.com

Re:   *Christina Smith v. Joe Allbaugh, et al.*, Case No. CIV-19-470-G
       United States District Court for the Western District of Oklahoma

Dear Mr. DeMuro,

On February 14, 2020, the Oklahoma Department of Corrections (ODOC) received Plaintiff's subpoena to produce documents in the above-styled action.  In response, the ODOC objects on the following grounds:

- The ODOC objects to producing documents responsive to Plaintiff's subpoena until written confirmation is received that Plaintiff Christina Smith is the legally-appointed executor, administrator or personal representative of the estate of former inmate Joshua England, ODOC # 775261, and therefore authorized to issue the subpoena in question.

- The ODOC objects to producing any responsive documents (including but not limited to personnel files, videos, medical records and investigations) that contain information designated by ODOC as


EXHIBIT 1

privileged, confidential or sensitive[1] in the absence of a protective order prohibiting any public or unauthorized disclosure of said documents.

- The ODOC objects to producing medical records, logs or any document or video created or maintained by the ODOC which contains the protected health information of Joshua England and third-party inmates in the absence of legally-executed authorizations required under The Health Insurance Portability and Accountability Act (HIPAA) and ODOC Policy OP-140108 and in the absence of a protective order prohibiting any public or unauthorized disclosure of said documents.

- The ODOC objects to producing any peer review records pursuant to 63 O.S. §§ 1-1709 and 1-1709.1 and ODOC Policy OP-140142.

- The ODOC objects to producing records and investigations of deaths of third-party inmates from January 2010 through the present as irrelevant, overly broad, unduly burdensome and an invasion of the privacy of deceased inmates.

- The ODOC objects to any request to create documents that do not exist.

- The ODOC objects to producing any documents or correspondence covered by the attorney-client privilege, the work-product doctrine or the deliberative process privilege.

- The ODOC objects to the Plaintiff's subpoena on the grounds that the compliance deadline and the volume of information sought subjects the agency to undue burden and hardship.

Any documents requested in the subpoena that are governed by Oklahoma's Open Records Act may be requested separately in accordance with applicable laws and ODOC Policies.

Sincerely,

*Gary Elliott*
Gary Elliott
General Counsel

---

[1] Privileged, confidential or sensitive information encompasses (*but is not limited to*) any video, investigation or other agency document whose release could create a security concern or compromise the safety of ODOC staff or inmates. It also includes records containing the protected health information of ODOC employees and inmates, employee tax and financial records, employee beneficiary records, employee home addresses, employee and inmate social security numbers, employee and inmate education records and employee and inmate birth dates.