UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA SMITH, individually and as next friend of her son, Joshua England,<br><br>    Plaintiff,<br><br>v.<br><br>JOE ALLBAUGH, et al.,<br><br>    Defendants. | Case No. CIV-19-470-G |

## ORDER

Now before the Court are various motions filed by Defendants and by Plaintiff.

*A. Background*

On February 24, 2020, the Court denied the motion to dismiss that had been filed by Defendants Allbaugh, Bear, Balogh, Miles, Hays, and Noble, and specifically denied Defendants Allbaugh and Bear's request for dismissal based on qualified immunity. In that Order, the Court noted that Defendants had not challenged Plaintiff's standing to assert claims under 42 U.S.C. § 1983 based on violations of Joshua England's civil rights. On February 26, 2020, Defendants Allbaugh, Bear, Balogh, Miles, Hays, and Noble moved to quash a subpoena for documents that Plaintiff previously had notified Defendants that Plaintiff would be issuing to nonparty Oklahoma Department of Corrections ("ODOC"). In the Motion to Quash, Defendants challenged Christina Smith's standing. On March 4, 2020, Defendants Allbaugh and Bear appealed the Court's decision as to qualified immunity. In that appeal, Defendants Allbaugh and Bear also challenge the Court's

subject-matter jurisdiction on the ground that Christina Smith lacked standing to sue at the time the action was commenced.  *See* Doc. No. 71-1 at 38-41.

### B. *Motion for Stay During Interlocutory Appeal*

After the appeal was filed, Defendants moved for a stay of this Court's proceedings and a continuance of their Answer deadline pending resolution of the appeal.  *See* Defs.' Mot. to Stay Case (Doc. No. 50); Defs.' Mot. to Continue Answer Deadline (Doc. No. 51).

Defendants contend that a stay would promote judicial economy and avoid potentially unnecessary inconvenience and expense.  Plaintiff objects that discovery should proceed as to the Defendants who did not appeal.  Having reviewed the parties' submissions, the Court finds that a stay in proceedings pending the conclusion of the appeal is appropriate.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (internal quotation marks omitted) (alteration in original).  Because Plaintiff's claims against Defendants Allbaugh and Bear are closely related to her claims against the other named Defendants, the Court finds that the interests of judicial economy and resources, as well as the interests of convenience and expense to parties, counsel, and witnesses, are best served by staying the entire case—including Defendants' answer date—rather than proceeding in a bifurcated fashion.

C. *Motion to Strike Scheduling Order*

In the parties' Joint Motion to Strike Scheduling Order (Doc. No. 67), they agree that the current Scheduling Order should be stricken. Plaintiff requests that the Court enter a new scheduling order "upon denying Defendants' motion to stay the case," while Defendants request that the Court enter a new scheduling order "only after the interlocutory appeal." For good cause shown, the Joint Motion is GRANTED as follows. The prior Scheduling Order is stricken. This matter shall be set on a status and scheduling conference docket at a later date.

D. *Motion to Quash*

Plaintiff filed its notice of proposed subpoena on February 5, 2020. *See* Doc. No. 41. Defendants filed their Motion to Quash (Doc. No. 43) on February 26, 2020.[1] Plaintiff has responded in opposition (Doc. No. 60)[2] and Defendants have replied (Doc. No. 61).

In their Motion, Defendants primarily argue that the proposed subpoena of ODOC records be quashed because Christina Smith lacked standing to sue at the time the action was commenced and, therefore, this Court lacks subject-matter jurisdiction. Additionally,

---

[1] The Federal Rules of Civil Procedure require that a party notify the other parties in a case before serving a subpoena for documents on a nonparty. Fed. R. Civ. P. 45(a)(4). This Court's Local Civil Rules specify that this notice must be made seven days prior to serving the subpoena and direct that any party who would seek to preclude service of the subpoena must file a motion for protective order within that seven days. LCvR 45.1(a), (b). Failure to so move does not, however, preclude a party from "invoking other remedies, such as a subsequent motion for protective order or a motion to quash or to modify the subpoena under Fed. R. Civ. P. 45(d)." LCvR 45.1(c).

[2] Plaintiff's Unopposed Motion to Extend Time to Respond to Defendants' Motion to Quash Subpoena (Doc. No. 52) is GRANTED. The Court accepts Plaintiff's Response (Doc. No. 60) as timely filed.

Defendants argue that certain information sought by the subpoena is privileged and confidential and, as a result, either should not be provided to Plaintiff at all or should only be provided subject to a protective order.  Since that time, the parties have jointly submitted a proposed protective order to address confidentiality issues.  *See* Doc. No. 68.  That agreed order will in substantive part be issued on today's date.

Because Defendants' primary argument against compliance with the subpoena has been presented to the Court of Appeals as part of the pending interlocutory appeal, the Court holds in abeyance any ruling on the Motion to Quash.  The Court directs, however, that ODOC shall preserve the documents subject to that subpoena pending the determination of the Court.

## CONCLUSION

IT IS THEREFORE ORDERED that

1. Defendants' Motion to Stay Case (Doc. No. 50) is GRANTED.  This action is STAYED pending resolution of the interlocutory appeal.

2. Defendants' Motion to Continue Answer Deadline (Doc. No. 51) is GRANTED.  Defendants' Answer to Plaintiff's Amended Complaint shall be due 14 days after the stay is lifted.

3. Plaintiff's Unopposed Motion to Extend Time to Respond to Defendants' Motion to Quash Subpoena (Doc. No. 52) is GRANTED.

4. The parties' Joint Motion to Strike Scheduling Order (Doc. No. 67) is GRANTED as follows.  The prior Scheduling Order is stricken.  This matter shall be set on a status and scheduling conference docket at a later date.

-and-

5.   Disposition of Defendants' Motion to Quash (Doc. No. 43) is HELD IN ABEYANCE.  Nonparty Oklahoma Department of Corrections SHALL preserve all documents subject to the referenced subpoena pending further order of this Court.  The Clerk of Court is directed to provide a copy of this Order to the Oklahoma Department of Corrections.

IT IS SO ORDERED this 17th day of July, 2020.

_____
CHARLES B. GOODWIN
United States District Judge