## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA SMITH, as Personal Representative of the Estate of her son, Joshua Christopher England,<br><br>                                   Plaintiff,<br><br>– against –<br><br>JOE ALLBAUGH, CARL BEAR, ROBERT BALOGH, WENDELL MILES, LAURA HAYS, LAURA NOBLE, OKLAHOMA DEPARTMENT OF CORRECTIONS OFFICERS JOHN DOES #1-10, and CASE MANAGER RICHARD ROE,<br><br>                                   Defendants. | **Case No.: 19-cv-00470-G** |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**FREDERIC DORWART, LAWYERS PLLC**
124 East Fourth Street
Tulsa, Oklahoma 74103
(918) 583-9922

**EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP**
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

## <u>TABLE OF CONTENTS</u>

<u>PAGE NO.</u>

**PRELIMINARY STATEMENT** ........................................................................ 1

**I.    DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED
       COMPLAINT IS ENTIRELY DUPLICATIVE OF THEIR PRIOR
       MOTION TO DISMISS AND CONTRAVENES THE LAW OF THE
       CASE DOCTRINE** ........................................................................ 2

    **A.   The Court Has Already Rejected Defendants' Challenge to
             Plaintiff's Tort Claims** ........................................................... 3

    **B.   The Court Has Already Rejected Defendants' Challenge to
             Plaintiff's Claim for Intentional Infliction of Emotional
             Distress** ...................................................................................... 4

    **C.   The Court Has Already Rejected Defendants' Challenge to
             Plaintiff's Allegations of Bad Faith By Allbaugh and Bear** .............. 5

**II.   FED. R. CIV. P. 12(g)(2) Bars DEFENDANTS' SUCCESSIVE
       MOTION TO DISMISS** ................................................................. 6

**CONCLUSION** ........................................................................................ 8

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE NO.</u>

<u>CASES</u>

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. 7

*Beltran v. Interexchange, Inc.*,
   No. 14 Civ. 03074, 2017 WL 4418709 (D. Colo. June 9, 2017) ................................... 4

*Cooper v. Millwood Indep. Sch. Dist. No. 37*,
   887 P.2d 1370 (Okla. App. Div. 1 1994) ...................................................................... 7

*Duvall v. Okla. State Bd. of Osteopathic Exam'rs*,
   CIV-17-247-F, 2018 WL 6333708 (W.D. Okla. Aug. 10, 2018) ................................... 7

*English v. Univ. of Tulsa*,
   No. 14 Civ. 0284, 2015 WL 4623942 (N.D. Okla. Aug. 3, 2015) ................................. 6

*Entek GRB, LLC v. Stull Ranches, LLC*,
   840 F.3d 1239 (10th Cir. 2016) .................................................................................... 2

*Gonzales v. Colvin*,
   No. 13 Civ. 654, 2015 WL 1221276 (D. Utah. Mar. 17, 2015).................................... 2

*Home Indem. Co. v. Arapahoe Drilling Co., Inc.*,
   5 F.3d 546, 1993 WL 336078 (10th Cir. 1993) ............................................................ 2

*Hutto v. Davis*,
   972 F. Supp. 1372 (W.D. Okla. 1997) .......................................................................... 7

*Nail v. City of Henryetta*,
   911 P.2d 914 (1996)................................................................................................... 3, 4

*Obeslo v. Great-west Cap. Mgmt., LLC*,
   No. 16 Civ. 00230, 2018 WL 10932793 (D. Colo. Jan. 30, 2018) ............................... 3

*Roth v. Green*,
   466 F.3d 1179 (10th Cir. 2006) .................................................................................... 6

*Shepherd v. CompSource Oklahoma*,
   2009 OK 25, P.3d 288 (2009) ....................................................................................... 4

*Stewart v. United States*,
   134 F.3d 383, 1998 WL 43165 (10th Cir. 1998) .......................................................... 2

*UFCW Local 880-Retail Food Emps. Joint Pension Fund v. Newmont Mining Corp.*,
    Nos. 05 Civ. 01046, 05 Civ. 01100, 05 Civ. 01141, 2007 WL 2871013 (D. Colo. Sept.
    26, 2007) ........................................................................................................................ 2

*United Pacific Ins. Co. v. Durbano Const. Co.*,
    144 F.R.D. 402 (D. Utah 1992) ..................................................................................... 3

**<u>RULES</u>**

Fed. R. Civ. P. 12.............................................................................................................. 7, 8

## PRELIMINARY STATEMENT

On May 29, 2018, a prisoner at the Joseph Harp Correctional Facility ("Joseph Harp"), Joshua England, died from untreated appendicitis just a few weeks after his 21st birthday. Plaintiff Christina Smith—Joshua's mother—filed suit on May 24, 2019 (Dkt. No. 1) and filed an Amended Complaint on July 30, 2019 (Dkt. No. 19), alleging Eighth Amendment and state law violations stemming from Defendants' egregious mishandling of Joshua's health in the days and hours before his death. The Court denied Defendants' motion to dismiss the Amended Complaint in its entirety. *See* Dkt. No. 42. Defendants filed an interlocutory appeal challenging the Court's denial of qualified immunity as to two defendants only, which the Tenth Circuit granted on February 10, 2021, and raised a challenge to Plaintiff's standing, which the Tenth Circuit rejected. With Defendants' consent, Plaintiff filed the Second Amended Complaint on February 23, 2021. Dkt. No. 78-79. The Second Amended Complaint was identical in every respect to the Amended Complaint except insofar as it was changed to reflect Ms. Smith's status as Representative of her son's estate. *Compare* Dkt. No. 79 *with* Dkt. No. 19.

Defendants now move to dismiss the Second Amended Complaint using precisely the same arguments raised in their prior motion to dismiss—and precisely the same arguments this Court already soundly rejected. This frivolous motion is transparently a delay tactic. The law of the case doctrine prohibits Defendants from attempting to relitigate issues this Court already resolved in Plaintiff's favor. The Court should once again reject Defendants' meritless arguments in their entirety.

I.   **DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT IS ENTIRELY DUPLICATIVE OF THEIR PRIOR MOTION TO DISMISS AND CONTRAVENES THE LAW OF THE CASE DOCTRINE**

Defendants' identical motion to dismiss the Second Amended Complaint—which raises no new issues for the Court's consideration, instead attempting to revive arguments long since rejected—is a textbook attempt at improper strategic delay.

"A party is not entitled to relitigate a matter until the desired result is achieved," *Stewart v. United States*, 134 F.3d 383, 1998 WL 43165, at *1 (10th Cir. 1998), and "counsel may be sanctioned for repeating arguments previously rejected," *Home Indem. Co. v. Arapahoe Drilling Co., Inc.*, 5 F.3d 546, 1993 WL 336078, at *3 (10th Cir. 1993) (citation omitted); *UFCW Local 880-Retail Food Emps. Joint Pension Fund v. Newmont Mining Corp.*, Nos. 05 Civ. 01046, 05 Civ. 01100, 05 Civ. 01141, 2007 WL 2871013, at *7 (D. Colo. Sept. 26, 2007) (noting that it was "clearly improper" for counsel to "fil[e] a renewed motion . . . that did not materially alter its already-rejected theory"); *Gonzales v. Colvin*, No. 13 Civ. 654, 2015 WL 1221276, at *3 n.33 (D. Utah. Mar. 17, 2015) (forbidding party from attempting to relitigate arguments "[t]his court has already rejected"). Indeed, the law of the case doctrine "preclude[s] the relitigation of issues either expressly or implicitly resolved in prior proceedings in the same court." *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1241 (10th Cir. 2016).

But that is exactly what Defendants attempt to do today. "[Defendants] are now attempting to relitigate [these issues] on the same grounds they argued [them] when [they] were previously decided. That is improper." *Obeslo v. Great-west Cap. Mgmt.,*

*LLC*, No. 16 Civ. 00230, 2018 WL 10932793, at \*1 (D. Colo. Jan. 30, 2018). The three points in Defendants' motion to dismiss the Second Amended Complaint are overtly duplicative of Defendants' motion to dismiss the Amended Complaint, filed on August 13, 2019 and denied by the Court on February 24, 2020. The second motion is "not only [] without merit, but is a frivolous attempt to relitigate [the Court's] denial of the first motion to dismiss." *United Pacific Ins. Co. v. Durbano Const. Co.*, 144 F.R.D. 402, 407 (D. Utah 1992). Designed only to slow this case and prevent discovery from commencing, Defendants' ill-conceived gambit is an abuse of the court process and should meet the same fate as their prior unsuccessful motion.

### A.    The Court Has Already Rejected Defendants' Challenge to Plaintiff's Tort Claims

Defendants' prior motion sought dismissal of Plaintiff's tort claims under the Oklahoma Governmental Tort Claims Act ("GTCA") against all Defendants. Citing *Nail v. City of Henryetta*, 911 P.2d 914, 917 (1996), Defendants argued (1) that they acted in good faith within the scope of their employment and (2) that Plaintiffs were attempting to "circumvent the GTCA's prohibition against suing state employees individually." *See* Dkt. No. 21 at 2-5. The Court rejected these arguments in its February 24, 2020 decision. Dkt. No. 42. Citing numerous cases, the Court held that scope-of-employment questions are reserved for the trier of fact and cannot be resolved on a motion to dismiss, and further held that Plaintiff had sufficiently "alleged a lack of good faith" for each tort claim and had "plausibly alleged that the Defendants' conduct exceeded mere misjudgment." Dkt. No. 42 at 19-20. The Court accordingly sustained each of Plaintiffs'

3

challenged tort claims—medical malpractice, negligent infliction of emotional distress, and negligent hiring, training, and/or retention of employment services. *Id.* at 18, 20.

Nevertheless, ignoring this law of the case, Defendants raise *precisely* this set of arguments in their instant motion—even beginning this portion of their brief with a word-for-word identical paragraph regarding the GTCA, complete with an identical citation to and parenthetical regarding *Shepherd v. CompSource Oklahoma*, 2009 OK 25, 209 P.3d 288, 294 (2009). *Compare* Dkt. No. 80 at 2-3 *with* Dkt. No. 21 at 2-3. Again, Defendants attempt to distinguish this case from *Nail v. City of Henryetta*. *Id.* at 4. Again, Defendants seek to leverage the GTCA against Plaintiff's tort claims by claiming they acted within the scope of employment. *See* Dkt. No. 80 at 2-3. No part of this argument is new. It was all rejected by the Court in its February 24, 2020 Order. *See* Dkt. No. 42.

Defendants do not acknowledge, much less attempt to distinguish, this Court's rejection of precisely the same challenges to Plaintiff's tort claims. They simply pretend this ruling did not happen. Defendants' regurgitated GTCA argument should, again, be rejected. *See, e.g.*, *Beltran v. Interexchange, Inc.*, No. 14 Civ. 03074, 2017 WL 4418709, at *2 (D. Colo. June 9, 2017) (rejecting objection to Magistrate Judge's ruling as "a transparent effort . . . to relitigate the motions to dismiss adjudicated by this Court over a year ago").

**B.    The Court Has Already Rejected Defendants' Challenge to Plaintiff's Claim for Intentional Infliction of Emotional Distress**

Defendants similarly attempt to resuscitate their opposition to Plaintiff's claim for intentional infliction of emotional distress against the Medical Defendants. In their prior

motion as well as their present one, Defendants argue that the Medical Defendants could not be liable for this claim because they were acting in good faith and within the scope of their employment. *Compare* Dkt. No. 21 at 5-6 *with* Dkt. No. 80 at 4-5.

But the Court already rejected these arguments in ruling on Defendants' prior motion to dismiss, deeming Defendants' challenge to Plaintiff's IIED claim "cursory." The Court further held that "the nature and specificity of the allegations required to state a plausible claim will vary based on context," and "Plaintiff's intentional infliction of emotional distress claim is not particularly complex." Dkt. No. 42 at 22 (citation omitted).

Nothing in Defendants' rehash of their opposition to Plaintiff's IIED claim is new. Defendants are not permitted to raise old arguments from the dead. The Court should deny this portion of Defendants' motion to dismiss, again.

### C.     The Court Has Already Rejected Defendants' Challenge to Plaintiff's Allegations of Bad Faith By Allbaugh and Bear

Finally, Defendants' assertion that Plaintiff failed to plead bad faith by Allbaugh and Bear for purposes of Plaintiff's state law claims also failed many months ago. On behalf of all Defendants—including Allbaugh and Bear—Defendants argued in its first motion to dismiss that "Defendants did not ever act in bad faith." Dkt. No. 21 at 4. They make an identical argument in the present motion, claiming that "Plaintiff's only claims of lack of good faith are conclusory."[1] Dkt. No. 80 at 6. This argument already failed. In

---

[1] In making this duplicative argument, Defendants attempt to inject something "new" by citing to the Tenth Circuit's ruling in this matter regarding Allbaugh's and Bear's qualified immunity from Plaintiff's *federal*—not state—claims. Dkt. No. 80 at 6. This citation is a red herring. The Tenth Circuit's decision has no bearing on the instant motion. The appeal was unrelated to Plaintiff's state law claims or this Court's ruling sustaining all of those claims.

its Order denying Defendants' first motion to dismiss, the Court pointedly held that Defendants' assertion of good faith, "without more, is insufficient to show that Plaintiff has failed to plead facts specific to *each Defendant* that give rise to a plausible inference of bad faith." Dkt. No. 42 at 20 (emphasis added). And in sustaining Plaintiff's tort claims against Defendants Allbaugh and Bear, the Court also rejected Defendants' reframed "causation" argument, which in any event stems improperly from the Tenth Circuit's decision about *federal*, not state, law.

Defendants ignore this inconvenient holding—the law of the case—too. *See, e.g., Roth v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages of the same case." (cleaned up)).

## II.     FED. R. CIV. P. 12(G)(2) BARS DEFENDANTS' SUCCESSIVE MOTION TO DISMISS

Even if these were new arguments being presented for the first time to the Court, which they are not, Defendants' arguments in their latest motion to would contravene Fed. R. Civ. P. 12(g)(2), which states: "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." *See also English v. Univ. of Tulsa*, No. 14 Civ. 0284, 2015 WL 4623942, at *1 n.1 (N.D. Okla. Aug. 3, 2015) ("Rule 12(g)(2) prohibits successive pre-answer motions where the arguments made in the successive

---

The Tenth Circuit quotation Defendants invoke related to Plaintiff's *federal* claims, not her state ones. And the citation, on the whole, attempts to create the false impression that the appellate ruling is somehow relevant to Defendants' present motion. It is not.

motion could have been included in the original motion."). As the Advisory Committee noted, "[t]his required consolidation of defenses and objections [] is salutary in that it works against piecemeal considerations of a case." Fed. R. Civ. P. 12(g) advisory committee's note to 1966 amendment.

Rule 12(g)(2) prohibits motions to dismiss that raise arguments that were *available* to the party at the time of its prior motion, regardless of whether the party actually raised them. Indeed, the only "new" cases Defendants cite in their present motion were handed down *years* before either motion was filed. *See Hutto v. Davis*, 972 F. Supp. 1372 (W.D. Okla. 1997) (Dkt. No. 80 at 3-4); *Cooper v. Millwood Indep. Sch. Dist. No. 37*, 887 P.2d 1370, 1375 (Okla. App. Div. 1 1994) (Dkt. No. 80 at 304); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (Dkt. No. 80 at 5); *Duvall v. Okla. State Bd. of Osteopathic Exam'rs*, CIV-17-247-F, 2018 WL 6333708 (W.D. Okla. Aug. 10, 2018) (Dkt. No. 80 at 5).

But Defendants' citation to caselaw that was readily available at the time of their prior motion is just the tip of the iceberg. More egregious are Defendants' blatant efforts to slow justice for Plaintiff, Joshua England's mother, by essentially copy-and-pasting its prior claims into a "new" motion. Where—as here—arguments made in a successive motion to dismiss were not just "available to the party" at the time of their earlier motion but were, in fact, *actually made* in that motion and rejected by the Court, the reasoning behind Rule 12(g)(2) is particularly forceful and requires denial of the pending motion in full.

## CONCLUSION

Defendants contrived this frivolous and duplicative motion—which raises no new arguments for this Court's consideration—for the sole purpose of creating further discovery delays in this nearly two-year-old matter. The Court should not countenance this conduct, which violates the law of the case doctrine, contravenes Fed. R. Civ. P. 12(g)(2), and calls Defendants' good faith into question. For the foregoing reasons, Defendants' motion to dismiss the Second Amended Complaint should be denied in its entirety.

Dated: March 31, 2021
     New York, New York

**RESPECTFULLY SUBMITTED:**

*/s/ Katherine Rosenfeld*
Katherine Rosenfeld *(admitted pro hac vice)*
Emma L. Freeman *(admitted pro hac vice)*

**EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP**
600 Fifth Avenue, 10th Floor
New York, New York 10020
T: (212) 763-5000
F: (212) 763-5001
krosenfeld@ecbawm.com
efreeman@ecbawm.com

Paul DeMuro, OBA No. 17605
**FREDERIC DORWART, LAWYERS PLLC**
124 East Fourth Street
Tulsa, Oklahoma 74103
T: (918) 583-9922
F: (918) 583-8251
pdemuro@fdlaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that on the 31st day of March 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

*/s/ Katherine Rosenfeld*
Katherine Rosenfeld *(admitted pro hac vice)*