IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA SMITH, as Personal Representative of the Estate of her son, Joshua Christopher England,<br><br>Plaintiff,<br><br>v.<br><br>JOE ALLBAUGH, CARL BEAR, ROBERT BALOGH, WENDELL MILES, LAURA HAYS, LAURA NOBLE, OKLAHOMA DEPARTMENT OF CORRECTIONS OFFICERS JOHN DOES #1-10, and CASE MANAGER RICHARD ROE,<br><br>Defendants. | Case No.: 19-cv-470-G |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO COMMENCE DEPOSITIONS**

For their Response to Plaintiff's Motion for Leave to Commence Depositions [Doc. 93], Defendants Joe Allbaugh, Carl Bear, Robert Balogh, Wendell Miles, Laura Hays, and Laura Noble state the following:

Although Plaintiff's counsel emailed the undersigned and the undersigned responded, there was neither a personal conference nor a telephone conference prior to the filing of Plaintiff's motion, as required by LCvR37.1. Thus, "this court shall refuse to hear any such motion." *Id.* To the extent a response is require, Defendants submit the following.

In her motion, Plaintiff seeks leave to commence depositions in this case despite the fact that all defendants—except for those who have not yet been served—have pending motions to dismiss. But in this district, pending motions to dismiss constitute not only

good cause to delay the status and scheduling conference, LCvR16.1(b)(3), but good cause to postpone discovery, LCvR26.3(a). One reason for these rules is undoubtedly to relieve defendants of the burdens of discovery if the claims against them may be dismissed on the pleadings, and to allow the parties to know what claims have been allowed to proceed against them (if any) before engaging in the discovery necessary to prosecute or defend those claims. The problem of beginning discovery as to some, but not all, defendants is illustrated as follows:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that caused prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).

The better course of action is, therefore, to wait until the case is at issue as to all defendants, rather than starting discovery before all defendants have answered.

Defendants have recently suggested to Plaintiff that she drop her claims against Allbaugh and Bear in order to expedite this case since those claims are, at best, insubstantial. But in her Second Amended Complaint [Doc. 79], as in her First [Doc. 19], Plaintiff continues to allege that:

> Defendants [Allbaugh and Bear] were aware of the grossly deficient medical care provided to inmates at Joseph Harp but took no steps to correct it or to hire appropriate medical providers. They were aware that the policies and procedures they created, promulgated, implemented, and/or enforce [sic]—or failed to create, promulgate, implement, or enforce—resulted in grossly deficient medical care to inmates at Joseph Harp. In creating, promulgating, implementing, and/or enforcing these policies and practices, or failing to do so, they acted with

> deliberate indifference to the medical needs of the Joseph Harp inmates, including Joshua.

[Doc. 19 at ¶ 98 & Doc. 79 at ¶ 98].

The foregoing contentions never had any evidentiary support. They still do not. Nor do they state a claim as a matter of law.

Rather than conceding these points and proceeding with the litigation of her § 1983 claims, Plaintiff continues to press her claims against Allbaugh and Bear. This has led to an interlocutory appeal and subsequent motion practice that should be resolved before discovery begins.

In order to expedite this matter, it would also behoove Plaintiff to simply drop the state law claims against the medical defendants (Balough, Miles, Hays, and Noble). Plaintiff has effectively abandoned those claims anyway by failing to show why they should not be dismissed as a matter of law, despite multiple opportunities to do so. To wit, Plaintiff has steadfastly refused to present any brief opposing Defendants' argument that "a[n] [OGTCA] claim against a government employee alleging breach of a duty imposed by virtue of the employee's employment position cannot be brought against the government employee individually. *Hutto v. Davis*, 972 F. Supp. 1372, 1379 (W.D. Okla. 1997); *Cooper v. Millwood Indep. Sch. Dist. No. 37*, 887 P.2d 1370, 1375 (Okla. App. Div. 1 1994)." [Doc. 81 at 2-4]. Plaintiff declined to respond in any way to this argument in her response brief [Doc. 86]. Defendants duly pointed out this omission in their reply: "Plaintiff had an opportunity to respond substantively to [this argument] . . . but has declined to do so." [Doc. 87 at 6]. And again, in responding to Plaintiff's Motion for Leave to Commence Discovery [Doc. 88], Defendants pointed out that "the medical

defendants are likely to prevail in eliminating the state-law claims against them under the holding of *Hutto* . . . [and] Plaintiff has declined any attempt to distinguish *Hutto* and presumably cannot do so." [Doc. 89 at 4-5]. Even with these gauntlets thrown, Plaintiff declined to reply or to respond to the argument in any way.

Failure to respond to an argument made in a motion to dismiss is considered an admission of the correctness of the argument in the district court. *Walker v. Norman Pub. Sch.*, No. CIV-18-1194-PRW, 2019 WL 3953957, at *4 (W.D. Okla. Aug. 21, 2019). And as a forfeiture of the argument in the Court of Appeals. *Lunt v. Nationstar Mortg.*, 800 F. App'x 627, 631 (10th Cir. 2020) (unpublished) (plaintiffs must "present their specific arguments to the district court to preserve them for appeal").

Based on the foregoing, if Plaintiff insists on continuing to tie up Defendants with insubstantial claims, she should not object if Defendants insist on their right to be free from discovery until those claims have either survived the pleading stage or been dismissed.

For these reasons, Defendants respectfully request that Plaintiff's Motion for Leave to Commence Depositions [Doc. 93] be denied.

Respectfully submitted,

 s/ Devan A. Pederson
**DEVAN A. PEDERSON, OBA# 16576**
**JESSICA A. WILKES, OBA# 34823**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Email: devan.pederson@oag.ok.gov
       jessica.wilkes@oag.ok.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of July, 2022, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of the Notice of Electronic Filing to the following ECF registrants:

Paul DeMuro
Frederic Dorwart, Lawyers PLLC
Old City Hall Building
124 East Fourth Street
Tulsa, OK  74103
*Attorney for Plaintiff*

Henry A. Meyer, III
Mullinix, Goerke & Meyer, PLLC
210 Park Ave., Suite 3030
Oklahoma City, OK 73102

Katherine Rosenfeld
Alison Frick
600 Fifth Avenue, 10th Floor
New York, New York  10020
*Attorneys for Plaintiff*

 s/ Devan A. Pederson
**Devan A. Pederson**