## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. CHRISTINA SMITH, as Personal Representative of the Estate of her son, Joshua Christopher England, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) | Case No. 5:19-cv-00470-G |
| 1. JOE ALLBAUGH, et al., | ) ) | |
| Defendants. | ) ) ) | |

## ANSWER OF DEFENDANT LAURA HAYS TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND

Defendant Laura Hays ("Ms. Hays"), by and through her attorneys, responds to Plaintiff's Second Amended Complaint and Jury Demand ("Second Amended Complaint") as follows:

1.    Ms. Hays denies generally each and every allegation contained in the Second Amended Complaint, except as may hereinafter be specifically admitted.

2.    Ms. Hays is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Second Amended Complaint and is therefore unable to admit or deny said allegations at this time. Ms. Hays specifically denies that she acted callously or with deliberate indifference. She also specifically denies she caused the injuries or death complained of here.

3.     To the extent that the allegations relates to Ms. Hays, she denies the same. To the extent these allegations are directed to other Defendants, Ms. Hays is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Second Amended Complaint; therefore she denies those allegations.

4.     To the extent that the allegations relates to Ms. Hays, she denies the same. To the extent these allegations are directed to other Defendants, Ms. Hays is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Second Amended Complaint; therefore she denies those allegations.

## RESPONSE TO "PARTIES"

### A. Plaintiff

5.     Ms. Hays is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's Second Amended Complaint and is therefore unable to admit or deny said allegations at this time.

6.     Ms. Hays is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiff's Amended Second Complaint and is therefore unable to admit or deny said allegations at this time.

### B. Defendants

7.     Paragraph 6 of Plaintiff's Second Amended Complaint contain allegations that are not directed to Ms. Hays, so no response is needed. To the extent that a response

is required, Ms. Hays denies the factual allegations and legal conclusions contained in Paragraph 6 of Plaintiff's Second Amended Complaint.

8.      Paragraph 7 of Plaintiff's Second Amended Complaint contain allegations that are not directed to Ms. Hays, so no response is needed. To the extent that a response is required, Ms. Hays denies the factual allegations and legal conclusions contained in Paragraph 7 of Plaintiff's Second Amended Complaint.

9.      Paragraph 8 of Plaintiff's Second Amended Complaint contain allegations that are not directed to Ms. Hays, so no response is needed. To the extent that a response is required, Ms. Hays denies the factual allegations and legal conclusions contained in Paragraph 8 of Plaintiff's Second Amended Complaint.

10.     Paragraph 9 of Plaintiff's Second Amended Complaint contain allegations that are not directed to Ms. Hays, so no response is needed. To the extent that a response is required, Ms. Hays denies the factual allegations and legal conclusions contained in Paragraph 9 of Plaintiff's Second Amended Complaint.

11.     Paragraph 10 of Plaintiff's Second Amended Complaint contain allegations that are not directed to Ms. Hays, so no response is needed. To the extent that a response is required, Ms. Hays denies the factual allegations and legal conclusions contained in Paragraph 10 of Plaintiff's Second Amended Complaint.

12.     In response to Paragraph 11 of the Second Amended Complaint, Ms. Hays admits only that she is a nurse and was employed by the Department of Corrections.  Ms. Hays denies any remaining factual allegations and legal conclusions contained in Paragraph 11 of Plaintiff's Second Amended Complaint.

13.    Paragraph 12 of Plaintiff's Second Amended Complaint contain allegations that are not directed to Ms. Hays, so no response is needed. To the extent that a response is required, Ms. Hays denies the factual allegations and legal conclusions contained in Paragraph 12 of Plaintiff's Second Amended Complaint.

14.    Ms. Hays denies the allegations contained in Paragraphs 13 to the extent they relate to her.  To the extent these are directed to other Defendants, Ms. Hays is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Second Amended Complaint and is therefore unable to admit or deny said allegation at this time.

15.    Paragraph 14 of Plaintiff's Second Amended Complaint contain allegations that do not relate to Ms. Hays. To the extent that a response is required, Ms. Hays denies the factual allegations and legal conclusions contained in Paragraph 14 of Plaintiff's Second Amended Complaint.

16.    Paragraph 15 of Plaintiff's Second Amended Complaint contain allegations that are not directed to Ms. Hays, so no response is needed. To the extent that a response is required, Ms. Hays denies the factual allegations and legal conclusions contained in Paragraph 15 of Plaintiff's Second Amended Complaint.

## RESPONSE TO "JURISDICTION AND VENUE"

17.    Paragraph 16 of Plaintiff's Second Amended Complaint states a legal conclusion and requires no response by Ms. Hays. To the extent a response is deemed necessary, Ms. Hays is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 16 of Plaintiff's Second Amended Complaint and is therefore unable to admit or deny said allegations at this time.

18.    Paragraph 17 of Plaintiff's Second Amended Complaint states a legal conclusion and requires no response by Ms. Hays. To the extent a response is deemed necessary, Ms. Hays is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiff's Second Amended Complaint and is therefore unable to admit or deny said allegations at this time.

19.    Paragraph 18 of Plaintiff's Second Amended Complaint states a legal conclusion and requires no response by Ms. Hays. To the extent a response is deemed necessary, Ms. Hays is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiff's Second Amended Complaint and is therefore unable to admit or deny said allegations at this time.

20.    Paragraph 19 of Plaintiff's Second Amended Complaint does not require a response.

## **RESPONSE TO "STATEMENT OF FACTS"**

21.    Ms. Hays is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, 21, 22, 23, 24, 25, 26, and 27 of Plaintiff's Second Amended Complaint and is therefore unable to admit or deny said allegations at this time.

22.    The allegations in Paragraph 28 purport to quote and/or refer to a written document. That document speaks for itself. To the extent the allegations differ from that

document, Ms. Hays denies them to the extent they relate to her. Any additional allegations are denied.

23.    Ms. Hays admits only that she is an LPN as alleged in Paragraph 29 of Plaintiff's Second Amended Complaint. The remaining allegations appear to refer to a medical record. That document, being in writing, speaks for itself. To the extent the allegations differ from these records, Ms. Hays denies them to the extent they relate to her. Any additional allegations are denied.

24.    Ms. Hays denies the allegations contained in Paragraphs 30, 31, 32, and 33.

25.    The allegations in Paragraphs 34, 35, and 36 purport to quote and/or refer to a written document. That document speaks for itself. To the extent the allegations differ from that document, Ms. Hays denies them to the extent they relate to her. Any additional allegations are denied.

26.    Ms. Hays denies the allegations contained in Paragraphs 37, 38, and 39 of Plaintiff's Second Amended Complaint.

27.    The allegations in Paragraphs 40 and 41 purport to quote and/or refer to a written document. That document speaks for itself. To the extent the allegations differ from that document, Ms. Hays denies them to the extent they relate to her. Any additional allegations are denied.

28.    Ms. Hays denies the allegations contains in Paragraphs 42 and 43 of Plaintiff's Second Amended Complaint.

29.    Ms. Hays is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 44, 45, 46, 47, 48, 49, 50, and 51 of

Plaintiff's Second Amended Complaint; therefore, Ms. Hays denies the allegations in Paragraphs 44-51.

30.    The allegations in Paragraphs 52, 53, and 54 purport to quote and/or refer to a written document.  That document speaks for itself.  To the extent the allegations differ from that document, Ms. Hays denies them to the extent they relate to her.  Any additional allegations are denied.

31.    Ms. Hays denies the allegations in Paragraph 55 of Plaintiff's Second Amended Complaint.

32.    The allegations in Paragraph 56 purport to quote and/or refer to a written document.  That document speaks for itself.  To the extent the allegations differ from that document, Ms. Hays denies them to the extent they relate to her.  Any additional allegations are denied.

33.    The allegations in Paragraph 57 purport to quote and/or refer to a written document. That document speaks for itself. To the extent the allegations differ from that document, Ms. Hays denies them to the extent they relate to her. Any additional allegations are denied.

34.    Ms. Hays denies the allegations contained in Paragraph 58 of Plaintiff's Second Amended Complaint.

35.    Ms. Hays denies the allegations contained in Paragraph 59 of Plaintiff's Second Amended Complaint.

36.    Ms. Hays denies the allegations contained in Paragraph 60 of Plaintiff's Second Amended Complaint.

37.    Ms. Hays is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Second Amended Complaint; therefore, Ms. Hays denies that allegation.

38.    The allegations in Paragraph 62 purport to quote and/or refer to a written document.  That document speaks for itself.  To the extent the allegations differ from that document, Ms. Hays denies them to the extent they relate to her.  Any additional allegations are denied.

39.    Ms. Hays denies the allegations contained in Paragraph 63 of Plaintiff's Second Amended Complaint.

40.    Ms. Hays denies the allegations contained in Paragraph 64 of Plaintiff's Second Amended Complaint.

41.    Ms. Hays denies the allegations contained in Paragraph 65 of Plaintiff's Second Amended Complaint.

42.    Ms. Hays denies the allegations contained in Paragraph 66 of Plaintiff's Second Amended Complaint.

43.    Paragraph 67 of Plaintiff's Second Amended Complaint contain allegations that are not directed to Ms. Hays, so no response is needed. To the extent that a response is required, Ms. Hays denies the factual allegations and legal conclusions contained in Paragraph 67 of Plaintiff's Second Amended Complaint.

44.    Ms. Hays denies the allegations contained in Paragraph 68 of Plaintiff's Second Amended Complaint.

45.     Ms. Hays denies the allegations contained in Paragraph 69 of Plaintiff's Second Amended Complaint.

46.     Ms. Hays denies the allegations contained in Paragraph 70 of Plaintiff's Second Amended Complaint.

47.     Ms. Hays denies the allegations contained in Paragraph 71 of Plaintiff's Second Amended Complaint.

48.     Ms. Hays denies the allegations contained in Paragraph 72 of Plaintiff's Second Amended Complaint.

49.     The allegations in Paragraphs 73 and 74 purport to quote and/or refer to a written document.  That document speaks for itself.  To the extent the allegations differ from that document, Ms. Hays denies them to the extent they relate to her.  Any additional allegations are denied..

50.     Ms. Hays denies the allegations contained in Paragraph 75 of Plaintiff's Second Amended Complaint.

51.     Ms. Hays denies the allegations contained in Paragraph 76 of Plaintiff's Second Amended Complaint.

52.     Paragraph 77 of Plaintiff's Second Amended Complaint contain allegations that are not directed to Ms. Hays, so no response is needed. To the extent that a response is required, Ms. Hays denies the factual allegations and legal conclusions contained in Paragraph 77 of Plaintiff's Second Amended Complaint.

53.     Ms. Hays denies the allegations contained in Paragraph 78 of Plaintiff's Second Amended Complaint.

54.     Ms. Hays denies the allegations contained in Paragraph 79 of Plaintiff's Second Amended Complaint.

55.     Ms. Hays denies the allegations contained in Paragraph 80 of Plaintiff's Second Amended Complaint.

56.     Ms. Hays is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiff's Second Amended Complaint; therefore, Ms. Hays denies that allegation.

57.     Ms. Hays denies the allegations contained in Paragraph 82 of Plaintiff's Second Amended Complaint.

58.     Ms. Hays denies the allegations contained in Paragraph 83 of Plaintiff's Second Amended Complaint.

59.     Ms. Hays denies the allegations contained in Paragraph 84 of Plaintiff's Second Amended Complaint.

60.     Ms. Hays denies the allegations contained in Paragraph 85 of Plaintiff's Second Amended Complaint.

61.     Ms. Hays denies the allegations contained in Paragraph 86 of Plaintiff's Second Amended Complaint.

62.     Ms. Hays denies the allegations contained in Paragraph 87 of Plaintiff's Second Amended Complaint.

63.     Ms. Hays denies the allegations contained in Paragraph 88 of Plaintiff's Second Amended Complaint.

64. Ms. Hays denies the allegations contained in Paragraph 89 of Plaintiff's Second Amended Complaint.

65. Paragraph 90 of Plaintiff's Second Amended Complaint appear to contain allegations that do not relate to Ms. Hays. To the extent these allegations are directed to Ms. Hays, she denies the allegations contained in Paragraph 90 of Plaintiff's Second Amended Complaint.

66. Ms. Hays is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of Plaintiff's Second Amended Complaint; therefore, Ms. Hays denies that allegation.

67. Paragraph 92 of Plaintiff's Second Amended Complaint contain allegations that are not directed to Ms. Hays, so no response is needed. To the extent that a response is required, Ms. Hays denies the allegations.

68. Paragraphs 93, 94, 95, 96, 97, 98, 99, 100, and 101 of Plaintiff's Second Amended Complaint contain allegations that do not relate to Ms. Hays. To the extent these allegations are directed to Ms. Hays, she denies the factual allegations and legal conclusions contained in Paragraphs 93-101 of Plaintiff's Second Amended Complaint.

69. Ms. Hays denies the allegations contained in Paragraph 102 of Plaintiff's Second Amended Complaint.

70. Paragraphs 103, 104, 105, and 106 reference a written document. The writing speaks for itself. To the extent that Plaintiff's allegations are inconsistent with that writing, Ms. Hays denies the allegations contained in Paragraphs 103-106 of Plaintiff's Second Amended Complaint. Ms. Hays also denies these allegations as stated.

71.     Ms. Hays denies the allegations contained in Paragraph 107 of Plaintiff's Second Amended Complaint.

72.     Paragraphs 108, 109, 110, and 111 reference a written document. The writing speaks for itself. To the extent that Plaintiff's allegations are inconsistent with that writing, Ms. Hays denies the allegations contained in Paragraphs 108-111 of Plaintiff's Second Amended Complaint.

73.     Ms. Hays denies the allegations contained in Paragraph 112 of Plaintiff's Second Amended Complaint.

74.     Ms. Hays is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 113 and 114 of Plaintiff's Second Amended Complaint; therefore, Ms. Hays denies those allegations.

## RESPONSES TO "FIRST CLAIM FOR RELEF"

75.     In response to Paragraph 115 of Plaintiff's Second Amended Complaint, Ms. Hays re-alleges and incorporates by reference its answers to 1-114 of Plaintiff's Second Amended Complaint, as fully set forth herein.

76.     Ms. Hays denies the allegations contained in Paragraph 116 of Plaintiff's Second Amended Complaint.

77.     Ms. Hays denies the allegations contained in Paragraph 117 of Plaintiff's Second Amended Complaint.

78.     Ms. Hays denies the allegations contained in Paragraph 118 of Plaintiff's Second Amended Complaint.

## RESPONSES TO "SECOND CLAIM FOR RELEF"

79.     In response to Paragraph 119 of Plaintiff's Second Amended Complaint, Ms. Hays re-alleges and incorporates by reference its answers to 1-118 of Plaintiff's Second Amended Complaint, as fully set forth herein.

80.     Ms. Hays denies the allegations contained in Paragraph 120 of Plaintiff's Second Amended Complaint. Ms. Hays also denies having any special duty to provide medical care.

81.     Ms. Hays admits only that she was employed by the Department of Corrections. Ms. Hays denies the remaining allegations contained in Paragraph 121.

82.     Ms. Hays admits only that she was employed by Department of Corrections on the dates described in Paragraph 122 of Plaintiff's Second Amended Complaint. Any remaining allegations are denied.

83.     Ms. Hays admits only that she has certain duties imposed on her by law, but Ms. Hays denies having breached any such duties. To the extent that Plaintiff misstates those duties, she denies the remaining allegations contained in Paragraph 123.

84.     Ms. Hays denies the allegations contained in Paragraph 124 of Plaintiff's Second Amended Complaint.

85.     Ms. Hays denies the allegations contained in Paragraph 125 of Plaintiff's Second Amended Complaint.

## RESPONSES TO "THIRD CLAIM FOR RELEF"

86.     In response to Paragraph 126 of Plaintiff's Second Amended Complaint, Ms. Hays re-alleges and incorporates by reference its answers to 1-125 of Plaintiff's Second Amended Complaint, as fully set forth herein.

87.     Ms. Hays denies the allegations contained in Paragraph 127 of Plaintiff's Second Amended Complaint.

88.     Ms. Hays denies the allegations contained in Paragraph 128 of Plaintiff's Second Amended Complaint.

89.     Ms. Hays denies the allegations contained in Paragraph 129 of Plaintiff's Second Amended Complaint.

90.     Ms. Hays denies the allegations contained in Paragraph 130 of Plaintiff's Second Amended Complaint.

## RESPONSES TO "FOURTH CLAIM FOR RELEF"

91.     In response to Paragraph 131 of Plaintiff's Second Amended Complaint, Ms. Hays re-alleges and incorporates by reference its answers to 1-130 of Plaintiff's Second Amended Complaint, as fully set forth herein.

92.     Ms. Hays denies the allegations contained in Paragraph 132 of Plaintiff's Second Amended Complaint.

93.     Ms. Hays denies the allegations contained in Paragraph 133 of Plaintiff's Second Amended Complaint.

94.     Ms. Hays denies the allegations contained in Paragraph 134 of Plaintiff's Second Amended Complaint.

95.     Ms. Hays denies the allegations contained in Paragraph 135 of Plaintiff's Second Amended Complaint.

96.     Ms. Hays denies the allegations contained in Paragraph 136 of Plaintiff's Second Amended Complaint.

## RESPONSES TO "FIFTH CLAIM FOR RELEF"

97.     In response to Paragraph 137 of Plaintiff's Second Amended Complaint, Ms. Hays re-alleges and incorporates by reference its answers to 1-136 of Plaintiff's Second Amended Complaint, as fully set forth herein.

98.     Paragraph 138 of Plaintiff's Second Amended Complaint contain allegations that do not relate to Ms. Hays. To the extent these allegations are directed to Ms. Hays, she denies the allegations contained in Paragraph 138.

99.     Paragraph 139 of Plaintiff's Second Amended Complaint contain allegations that do not relate to Ms. Hays. To the extent these allegations are directed to Ms. Hays, she denies the allegations contained in Paragraph 139.

100.     Paragraph 140 of Plaintiff's Second Amended Complaint contain allegations that do not relate to Ms. Hays. To the extent these allegations are directed to Ms. Hays, she denies the allegations contained in Paragraph 140.

101.     Paragraph 141 of Plaintiff's Second Amended Complaint contain allegations that do not relate to Ms. Hays. To the extent these allegations are directed to Ms. Hays, she denies the allegations contained in Paragraph 141.

## RESPONSES TO "SIXTH CLAIM FOR RELEF"

102.    In response to Paragraph 142 of Plaintiff's Second Amended Complaint, Ms. Hays re-alleges and incorporates by reference its answers to 1-141 of Plaintiff's Second Amended Complaint, as fully set forth herein.

103.    Ms. Hays denies the allegations contained in Paragraph 143 of Plaintiff's Second Amended Complaint.

104.    Ms. Hays denies the allegations contained in Paragraph 144 of Plaintiff's Second Amended Complaint.

105.    Ms. Hays denies the allegations contained in Paragraph 145 of Plaintiff's Second Amended Complaint.

## RESPONSES TO "SEVENTH CLAIM FOR RELEF"

106.    In response to Paragraph 146 of Plaintiff's Second Amended Complaint, Ms. Hays re-alleges and incorporates by reference its answers to 1-145 of Plaintiff's Second Amended Complaint, as fully set forth herein.

107.    Ms. Hays denies the allegations contained in Paragraph 147 of Plaintiff's Second Amended Complaint.

108.    Ms. Hays denies the allegations contained in Paragraph 148 of Plaintiff's Second Amended Complaint.

109.    Ms. Hays denies the allegations contained in Paragraph 149 of Plaintiff's Second Amended Complaint.

110.    Ms. Hays denies the allegations contained in Paragraph 150 of Plaintiff's Second Amended Complaint.

## RESPONSES TO "PRAYER FOR RELIEF"

In response to the unnumbered WHEREFORE paragraph under Plaintiff's PRAYER FOR RELIEF, Ms. Hays denies that Plaintiff is entitled to any recovery or any form of relief whatsoever from Ms. Hays. Ms. Hays denies any remaining allegations contained in this paragraph, including subparts (a.) – d.).

## ADDITIONAL DEFENSES

1.      The Second Amended Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

2.      Some or all of Plaintiff's claims may be barred by the statute of limitations.

3.      Plaintiff's claims may be barred, in whole or in part, by lack of standing or capacity to bring such claims and/or the doctrines of estoppel, laches, consent, waiver, informed consent, release, unclean hands, and or res judicata.

4.      Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages would violate Ms. Hays' right to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

5.      No act or omission of Ms. Hays was malicious, oppressive, willful, wanton, reckless, or grossly negligent, and therefore any award of punitive damages is barred.

6.      Plaintiff's claims for pain and suffering are barred because they violate Ms. Hay's rights to procedural and substantive due process and equal protection as guaranteed by the Constitutions of the United States and the applicable states.

7.      The imposition of punitive or exemplary damages would violate Ms. Hays' constitutional rights, including but not limited to those under the due process clauses in the

Fifth and Fourteenth Amendments to the Constitution of the United States, and these amendments' equivalent or correlative applicable provisions in the Constitutions, common law, public policy, applicable statutes and court rules of the applicable states to the extent that punitive damages awarded to Plaintiffs are (1) imposed by a jury that is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damages award; is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment; is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidious discriminatory characteristics, including the corporate status, wealth, or state of residence of defendant; or is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; (2) are not subject to independent *de novo* review by the trial and appellate courts for reasonableness and the furtherance of legitimate purposes on the basis of objective legal standards and in conformity with the United States Constitution or any applicable State constitution; (3) imposed where state law is impermissibly vague, imprecise, or inconsistent; (4) subject to no predetermined limit, such as a maximum multiple of compensatory damages, a maximum amount, or are vastly disproportionate to any acts of Ms. Hays or any award of compensatory damages; or (5) imposed on the basis of anything other than Ms. Hays' conduct within the State where Plaintiffs reside, or in any other way subjecting Ms. Hays to impermissible multiple punishment for the same alleged wrong.

8.    Ms. Hays specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as applied to the state and federal courts of the applicable states under the Due Process clause of the Fourteenth Amendment to the United States Constitution.

9.    With respect to Plaintiffs' demand for punitive damages, Ms. Hays specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards that arise under *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and their progeny, as applied by the federal courts of appeals, together with all such standards applicable under any other state's law.

10.    Plaintiff's claims are limited and/or barred in whole or in part by statute, including but not limited to 23 O.S. § 9.1.

11.    As applied, 23 O.S. § 9.1 is unconstitutionally vague and violates Ms. Hays' rights of procedural and substantive due process under the United States Constitution because Section 9.1 permits punishment for conduct that reasonable people could conclude was lawful.

12.    This Court lacks personal jurisdiction, subject matter jurisdiction, and venue is improper.

13.    At all times, the care provided by Ms. Hays was reasonable, appropriate, and within the applicable standard of care.

14.    Ms. Hays asserts the provisions of all applicable prohibitions and/or statutory caps on damages of any sort, including punitive, non-economic or exemplary damages, under applicable state law.

15.    Ms. Hays reserves the right to assert any additional defenses and matters in avoidance, which may be disclosed during the course of additional investigation and discovery.

16.    Ms. Hays is entitled to, and claims the benefits of, all defenses and presumptions set forth in or arising from any rule of law or statute in any state whose law is deemed to apply in this case.

17.    Ms. Hays adopts any additional defenses of other defendants to the extent they are applicable to Ms. Hays.

## DEMAND FOR JURY TRIAL

Ms. Hays demands trial by jury of all issues so triable as a matter of right.

WHEREFORE, Ms. Hays prays that:

(1) Plaintiff take nothing by reason of the Amended Complaint;

(2) The Second Amended Complaint be dismissed in its entirety and that a Judgment against Plaintiff and in favor of Ms. Hays be entered;

(3) Ms. Hays be awarded its costs and expenses; and

(4) This Court award Ms. Hays any other and general or specific relief as this Court may deem just and proper.

*s/Amy Sherry Fischer*
Larry D. Ottaway-OBA# 6816
Amy Sherry Fischer-OBA# 16651
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 232-4633
Fax:  (405) 232-3462
larryottaway@oklahomacounsel.com
amyfischer@oklahomacounsel.com


**ATTORNEYS FOR DEFENDANT
LAURA HAYS**

## <u>CERTIFICATE OF SERVICE</u>

[X] I hereby certify that on this __12th__ day of August, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the counsel of record/applicable ECF registrants.

*s/Amy Sherry Fischer*