# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

1. CHRISTINA SMITH, as Personal Representative of the Estate of her son, Joshua Christopher England,

   Plaintiff,

vs.

1. JOE ALLBAUGH, et al.,

   Defendants.

Case No. 5:19-cv-00470-G
Jury Trial Demanded

## ANSWER OF DEFENDANT ROBERT BALOGH

For his Answer to Plaintiff's Second Amended Complaint [Doc. 79], Defendant Robert Balogh denies each of the material averments contained therein unless expressly admitted herein. Defendant Balogh further states the following:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendant denies that he caused decedent's death or that he acted callously or with deliberate indifference.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent those allegations are directed at him, they are denied.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent those allegations are directed at him, they are denied.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendant does not deny that decedent was an offender in the custody of DOC.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. The allegations of this paragraph are not directed at Defendant and therefore no response is required.

7. The allegations of this paragraph are not directed at Defendant and therefore no response is required.

8. The allegations of this paragraph are not directed at Defendant and therefore no response is required.

9. Defendant admits that he was a physician employed by DOC.

10. The allegations of this paragraph are not directed at Defendant and therefore no response is required.

11. The allegations of this paragraph are not directed at Defendant and therefore no response is required.

12. The allegations of this paragraph are not directed at Defendant and therefore no response is required.

13. Defendant admits that he was a physician employed by DOC. To the extent the remaining allegations are directed at him, they are denied.

14. The allegations of this paragraph are not directed at Defendant and therefore no response is required.

15. The allegations of this paragraph are not directed at Defendant and therefore no response is required.

16. Defendant denies any violation of law.

17. Defendant denies any violation of law.

18. Defendant denies any violation of law. (Defendant does not deny venue in the Western District).

19. Defendant demands trial by jury in this action.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendant does not deny that decedent was an offender in DOC custody.

25. The first sentence of this paragraph is admitted. The second is denied.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendant will let the medical records speak for themselves.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendant will let the medical records speak for themselves.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38. To the extent the averments of this paragraph are directed at Defendant, they are denied.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but will allow the records to speak for themselves.

41. The averments of this paragraph are not directed at Defendant and require no response. To the extent directed at him, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent they are directed at him, they are denied.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent the allegations of this paragraph directed at Defendant, they are denied.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent the allegations of this paragraph directed at Defendant, they are denied.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent the allegations of this paragraph directed at Defendant, they are denied.

46. To the extent the allegations of this paragraph directed at Defendant, they are denied.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent these allegations suggest wrongdoing by Defendant, they are denied.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent they are directed at him, they are denied.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but will allow the records to speak for themselves.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but will allow the records to speak for themselves.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but will allow the records to speak for themselves.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but will allow the records to speak for themselves.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but will allow the records to speak for themselves. To the extent the allegations in this paragraph are directed at him, they are denied.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

63. The averments of this paragraph are not directed at Defendant and no response is required. To the extent they are directed at him, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent they are directed at him, they are denied.

65. To the extent the averments of this paragraph are directed at Defendant, they are denied.

66. To the extent the averments of this paragraph are directed at Defendant, they are denied.

67. The averments of this paragraph are not directed at Defendant and require no response. To the extent the averments of this paragraph are directed at Defendant, they are denied.

68. Denied.

69. The averments of this paragraph are not directed at Defendant and require no response. To the extent the averments of this paragraph are directed at Defendant, they are denied.

70. To the extent the averments of this paragraph are directed at Defendant, they are denied.

71. To the extent the averments of this paragraph are directed at Defendant, they are denied.

72. To the extent the averments of this paragraph are directed at Defendant, they are denied.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but will allow the records to speak for themselves.

74. The averments of this paragraph are not directed at Defendant and require no response.

75. The averments of this paragraph are not directed at Defendant and require no response. To the extent that they are directed to Defendant, they are denied.

76. The averments of this paragraph are not directed at Defendant and require no response. To the extent that they are directed to Defendant, they are denied.

77. The averments of this paragraph are not directed at Defendant and require no response. To the extent that they are directed to Defendant, they are denied.

78. To the extent that they are directed to Defendant, the averments of this paragraph are denied.

79. To the extent that they are directed to Defendant, the averments of this paragraph are denied.

80. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

81. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

82. To the extent the allegations of this paragraph are directed at Defendant, they are denied.

83. To the extent the allegations of this paragraph are directed at Defendant, they are denied.

84. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

85. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

86. Denied.

87. Denied.

88. To the extent directed at Defendant, the averments of this paragraph are denied.

89. Denied.

90. Denied.

91. To the extent the averments of this paragraph are directed at Defendant, they are denied.

92. Denied.

93. The averments of this paragraph are not directed at Defendant and require no response. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

94. Denied.

95. The averments of this paragraph are not directed at Defendant and require no response.

96. To the extent the averments of this paragraph are directed at Defendant, they are denied.

97. To the extent the averments of this paragraph are directed at Defendant, they are denied.

98. To the extent the averments of this paragraph are directed at Defendant, they are denied.

99. To the extent the averments of this paragraph are directed at Defendant, they are denied.

100. To the extent the averments of this paragraph are directed at Defendant, they are denied.

101. To the extent the averments of this paragraph are directed at Defendant, they are denied.

102. To the extent the averments of this paragraph are directed at Defendant, they are denied.

103. To the extent the averments of this paragraph suggest that Defendant acted improperly, they are denied.

104. Denied.

105. Denied.

106. To the extent the averments of this paragraph suggest that Defendant acted improperly, they are denied.

107. To the extent the averments of this paragraph suggest that Defendant acted improperly, they are denied.

108. To the extent the averments of this paragraph suggest that Defendant acted improperly, they are denied.

109. To the extent the averments of this paragraph suggest that Defendant acted improperly, they are denied.

110. To the extent the averments of this paragraph suggest that Defendant acted improperly, they are denied.

111. Defendant does not necessarily dispute the averments of this paragraph, but to the extent Plaintiff suggests that they show Defendant acted improperly, they are denied.

112. To the extent the averments of this paragraph suggest that Defendant acted improperly, they are denied.

113. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

114. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent the averments of this paragraph suggest that Defendant acted improperly, they are denied.

115. See previous responses.

116. Denied.

117. Defendant admits he was acting in good faith in the scope of his employment with the State of Oklahoma at all times material to this lawsuit. The remainder of the averments of this paragraph are denied.

118. Denied.

119. See previous responses.

120. Defendant admits that his duty to decedent arose solely from his job function with the Oklahoma Department of Corrections and that he was at all times acting in good faith in the scope of his employment.

121. Defendant admits that his duty to decedent arose solely from his job function with the Oklahoma Department of Corrections and that he was at all times acting in good faith in the scope of his employment.

122. Defendant admits that his duty to decedent arose solely from his job function with the Oklahoma Department of Corrections and that he was at all times acting in good faith in the scope of his employment.

123. Defendant admits that his duty to decedent arose solely from his job function with the Oklahoma Department of Corrections and that he was at all times acting in good faith in the scope of his employment.

124. Denied.

125. Denied.

126. See previous responses.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. See previous responses.

132. Defendant admits that his duty to decedent arose solely from his job function with the Oklahoma Department of Corrections and that he was at all times acting in good faith in the scope of his employment.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. See previous responses.

138. The averments of this paragraph are not directed at Defendant and no response is required.

139. Denied.

140. To the extent the averments of this paragraph are directed at Defendant, they are denied.

141. To the extent the averments of this paragraph are directed at Defendant, they are denied.

142. See previous responses.

143. Denied.

144. Denied.

145. Denied.

146. See previous responses.

147. To the extent the averments of this paragraph are directed at Defendant, they are denied.

148. To the extent the averments of this paragraph are directed at Defendant, they are denied.

149. To the extent the averments of this paragraph are directed at Defendant, they are denied.

150. To the extent the averments of this paragraph are directed at Defendant, they are denied.

151. Defendant denies the *ad damnum*.

## AFFIRMATIVE DEFENSES

1. Defendant is entitled to qualified immunity.

2. Defendant is entitled to all defenses, immunities, and limitations of the Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151 *et seq.*, including but not limited to immunity from suit under 51 O.S. § 153(C).

3. Defendant was all times acting in good faith in the scope of employment for the State of Oklahoma.

4. Plaintiff's decedent was contributorily and/or comparatively negligent, assumed the risk, and/or failed to mitigate his damages.

5. Plaintiff declined treatment and evaluation.

6. Plaintiff's complaint fails to state a claim upon which relief can be granted.

7. Plaintiff is not the proper party to bring this action.

8. Plaintiff has failed to join a proper party and all complained-of injuries were caused by persons other than Defendant.

9. Plaintiff's claim is a survival action only. She cannot recover for her own damages or loss.

10. Plaintiff's claim may be barred in whole or in part by lack of standing or capacity, and/or by estoppel, laches, consent, waiver, informed consent, or unclean hands.

11. Defendant adopts any additional affirmative defenses applicable to him that have been or will be asserted by other defendants to this action, including but not limited to those asserted by Defendant Hays in Doc. 101.

Wherefore, Defendant requests judgment in his favor on all of Plaintiff's claims.

        Respectfully submitted,

        *s/ Devan A. Pederson*
        DEVAN A. PEDERSON, OBA# 16576
        JESSICA A. WILKES, OBA# 34823
        Assistant Attorneys General
        Oklahoma Attorney General's Office
        Litigation Section
        313 NE 21st Street
        Oklahoma City, OK 73105
        Telephone: (405) 521-3921
        Facsimile: (405) 521-4518
        Email: devan.pederson@oag.ok.gov
        jessia.wilkes@oag.ok.gov

        **ATTORNEYS FOR DEFENDANT ROBERT BALOGH**

## CERTIFICATE OF SERVICE

[X] I hereby certify that on this 12th day of August, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the counsel of record/applicable ECF registrants.

        *s/Devan A. Pederson*